## Templar's Estate

Before Stearne (acting P. J.), Sinkler, Klein, Bolger, and Ladner, JJ.

*Joseph P. Gaffney*, for Board of City Trusts and Estates.

LADNER, J., April 12, 1940.—The City of Philadelphia acting by the Board of City Trusts as guardian of the estate of Frank Templar, a Girard College minor, who died during minority, presents its petition with an account annexed, praying that the account be confirmed, that the balance shown therein be distributed directly to the next of kin pursuant to the Act of June 12, 1931, P. L. 556, 20 PS §872, and for its discharge. The gross estate accounted for is less than $1,000.

A question has arisen whether accounts where a minor dies during minority should be filed with the register of wills or with the clerk of the orphans' court. The learned president judge of the Montgomery County court in Warwick's Estate, 36 D. & C. 521, has recently held that accounts filed by reason of death or resignation of a *guardian* during minority as well as death of the ward during minority should be filed with the clerk of the orphans' court.

We agree that a proper interpretation of section 59(*j*) 1-7 justifies that ruling so far as concerns accounts filed by reason of death or resignation of the *guardian* during minority and our rule 10(*c*) so provides. This is because under such circumstances the guardianship continues. However, we are not prepared to subscribe to the statement in that decision that when the *ward* dies during minority the account should be filed with the clerk, because the death of the minor terminates the guardianship, thus requiring a final account, as in the case of the arrival of the ward at full age (par. 8, sec. 59(*j*), Fiduciaries Act of June 7, 1917, P. L. 447).

It has been our practice to require the filing of accounts in such circumstances with the register (see paragraph 8, sec. 59(*j*)), so that there will be advertising and thereby notice given to any parties who might have an interest, such as creditors (e.g., undertaker, doctor, or others who may have supplied necessaries) ; see Cook's

Estate, 48 Pa. C. C. 599, at 600-601, s. c. Kerr's Petition, 29 Dist. R. 909.

In the account annexed to the petition before us the gross estate accounted for is less than $1,000, and the sole next of kin, the mother, approves the same and joins in the prayer. The question remains whether in such circumstances we should in view of the smallness of the estate require the observance of the general rule just referred to. The policy of this court has been, wherever possible, to minimize administration expenses and costs of small estates of minors, a policy reflected in our rule 10(b) which provides in estates of less than $1,000, an inexpensive and expeditious means of discharging guardians whose wards have come of age and approve the account.

We feel that we should adopt the same practice in a minor's estate of less than $1,000 where a ward dies during minority; provided it is affirmatively shown that the funeral expenses and medical expenses (if any) have been paid or that provision for their payment is made, and the next of kin to whom we are authorized by the Act of June 12, 1931, P. L. 556, to make direct distribution, join as here. Where, however, this does not appear or a determination of the next of kin is required, or if for any other reason this court feels the particular account presented should be audited, it will be directed to be placed on the audit list for disposition in analogy with the practice prescribed by rule 10(c) relating to discharge of guardians during minority. In the petition before us all the requirements necessary to move us to exercise our discretion to grant the decree satisfactorily appear; hence decree is made confirming the account, directing payment in accordance with the prayer of the petition, and upon payment thereof discharging the guardian.